THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK RAIMONE, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, New York County, February 21, 1929.

*Thomas P. Cullen*, for the appellant.

*Thomas D. Dyett* (*Joab H. Banton*), for the respondent.

PER CURIAM. This is an appeal from a judgment of the City Magistrate's Court convicting the appellant of disorderly conduct. The return shows that the appellant was arraigned before a

city magistrate on a charge of disorderly conduct on the 27th day of November, 1928. The basis of the charge is an affidavit by his wife, Antonnette Raimone, in which she alleges that on the 25th day of November, 1928, he demanded money from her and when refused, beat her about the head and face with a stick, chased her out of the apartment, carrying a table carving knife in his hand and threatened to kill her.

To this information, the appellant, who was without counsel, plead guilty. The magistrate then questioned the complainant, who described the conduct of the appellant but did not substantiate the allegations in the complaint as to the carving knife or the threat to kill. The appellant was not questioned as to what occurred. The magistrate then paroled the appellant until December 4, 1928, for investigation and report and indorsed on the back of the complaint a request that the magistrate presiding in the court on December fourth should impose sentence. (Inferior Criminal Courts Act, art. 6, § 98-a.)

On December 4, 1928, the appellant was arraigned for sentence before another city magistrate and the following colloquy took place between the magistrate and the appellant. Magistrate: " Have you anything to say in your behalf? " Appellant: " I do not think I am at fault of this disorderly conduct charge." Magistrate: " You plead guilty? " Appellant: " I plead guilty with an explanation." Magistrate: " What is it? "

The appellant thereupon made an explanation, which amounted to a plea of not guilty.

This was the first opportunity that was given to the appellant to make any explanation of the charge to which he plead guilty. Had he made this explanation on the date of his first arraignment we feel certain that the presiding magistrate would not have allowed the plea of guilty to stand.

The appellant now comes into this court and as a basis of his appeal urges that he should be given a new trial on the ground that his plea of guilty should not have been accepted in view of the explanation made by him when he was arraigned for sentence.

An appeal very similar to this one was decided by this court on November 25, 1925. The appellant, Samuel Schulman, plead guilty to vagrancy and was sentenced to the New York City Reformatory. In that case there were no stenographic minutes of the proceedings before the magistrate. The appellant Schulman attacked the printed record on the back of the complaint wherein it was recited that he plead guilty. In the absence of any stenographic record of the proceedings this court reversed on the law and facts and ordered a new trial. The case was then appealed

to the Appellate Division and the Court of Special Sessions was reversed and the appellant remanded to the New York City Reformatory. The Appellate Division in a memorandum stated: "The Court of Special Sessions entertained an appeal from this judgment of conviction and reversed 'on the law and the facts' and directed 'a new trial.' There was nothing before that court upon which such determination could legally be based. The defendant upon being arraigned made no demand for proof but simply interposed a plea of guilty. Such a plea is a confession of guilt and the equivalent of a valid conviction. We are of the opinion that there was no power to reverse the magistrate's judgment." (*People* v. *Schulman*, 216 App. Div. 814.)

We think that we may distinguish the decision in the *Schulman* case from the case at bar in view of the fact that we now have before us the stenographic report of the proceedings and can tell just what occurred in the Magistrate's Court. We feel it is our duty to correct any errors, in so far as we can, arising from actions of defendants in the Magistrate's Court, especially where these defendants are not represented by counsel. Errors of this kind are very rare and we do not intend to reflect upon the actions of either magistrate in this case.

Judgment reversed on the law and the facts, and new trial ordered.

All concur; present, KERNOCHAN, P. J., FETHERSTON and HERBERT, JJ.